————o————

STATE OF MISSOURI, Appellant, *vs.* JONATHAN H. FOULKS, Respondent.

1. *Revenue—Indictment for false oath as to amount of taxable property—Averments, what sufficient.*—In an indictment under the revenue law for making a false oath as to the amount of defendant's taxable property where the complaint alleged in substance that defendant made the required statement and signed and subscribed it and desired the assessor to swear him to the same, and that he was then and there duly sworn and took his corporal oath before the officer, and the indictment after minutely setting out all the facts, proceeds to state that defendant " falsely, corruptly, etc., and with intent to defraud in and by said written oath did depose and swear." *Held,* that the indictment sufficiently set forth that the oath was taken to a written or printed list as required by the statute. (Wagn. Stat., 1103–5, § 28, 30 and 34.

*Appeal from Grundy Circuit Court.*

*A. H. Burkholder & Dan. Metcalf*, for Appellant.

*S. Perry & J. H. Shanklin*, for Respondent.

I. The oath is one prescribed by statute, and if the substance of the statute is not followed, no perjury can be assigned of the oath. (2 Bish. Crim. Law, 982; Ashburn vs. The State, 15 Ga., 246.)

While it is admitted that the oath need not be set out in *hæc verba*, it must be set out in substance.

WAGNER, Judge, delivered the opinion of the court.

The defendant was indicted for perjury under the revenue law, for making a false oath in reference to the amount of his taxable property. The indictment was demurred to, and the demurrer sustained, and the State appealed.

The indictment contains a great deal of verbiage and surplusage, but the material averments are; that one Conduit was the assessor for Grundy County, and that on a certain day, in the discharge of his duties as such assessor, he called upon the defendant and required and requested of him, to make out and deliver a correct statement and true list of all the taxable property owned by him, at a specified time; that the defendant appeared before the assessor and delivered to him certain described real estate, as a correct statement of all the taxable property owned by or under the care, charge and management of the defendant made taxable by law, which statement was signed and subscribed by the defendant; and he then desired the assessor to swear him to the same, the assessor, having the power and legal authority to administer any and all oaths, relating to the assessment of property; that the said defendant having been sworn, it became material to inquire of him under oath, whether the statement that he had made and delivered, contained a true and correct list of all the personal property made taxable by law; and it was a material question whether the statement so made and delivered by the defendant to the assessor, included therein,

all the money and notes and bonds in hand, or on deposit, owned by the defendant, or under his charge and management, and whether the statement made and delivered, included all money and property due defendant from solvent persons or companies on account or otherwise; and the defendant having been sworn, then and there on his oath before the said Conduit, assessor, in that behalf, falsely, corruptly, knowingly, willfully, maliciously, feloniously and with the intent to defraud in and by his said written oath did depose and swear, etc.

The indictment then proceeds to allege and set out the facts wherein the said oath was false.

The demurrer which was sustained by the court assigns as reasons: 1st—that there was no legal authority in the assessor to administer the oath as alleged in the indictment; 2nd—that the matter alleged to have been falsely stated by defendant was not such as the law authorized the assessor to make inquiries of under oath; 3rd—that the matter alleged to have been falsely sworn to is not alleged to have been by affidavit, subscribed and sworn to as the law required; 4th—that there was no allegation that the oath administered to the defendant was such as by law there was any right to administer. And there was a fifth objection made, that it was not shown that the property was taxable; but this was not pressed, and could not be maintained, for it is shown, from the date of the notes, which it was alleged were the property falsely and fraudulently withheld from assessment, that they were properly the subject of taxation.

Section 28 of the Revenue act (2 Wagn. Stat., Ed. 1872, p. 1163) says: "The assessor or his deputy or deputies shall, between the first days of August and January, and after being furnished with the necessary books and blanks by the county clerk, at the expense of the county, proceed to take a list of the taxable personal property in his county, town or district, and assess the value thereof, in the manner following, to-wit: He shall call at the office, place of doing business, or residence of each person required by this act to list his property, and shall

require such person to make a correct statement of all taxable property owned by such person, or under the care, charge or management of such person, except merchandise which may be required to pay a license tax, being in any county in this State, in accordance with the provisions of this act; and the persons listing the property shall enter a true and correct statement of such property in a printed or written blank prepared for that purpose, which statement, after being filled out, shall be signed and sworn to, to the extent required by this act, by the person listing the property, and delivered to the assessor."

Section 30th gives to assessors and deputy assessors and county clerks, authority and power to administer all oaths required by the act relating to the assessment of property; and section 31st prescribes the form of the oath to be taken.

The 34th section provides, that the person making the false list with intent to defraud, shall be liable to be punished for perjury.

The reasons assigned in the demurrer, in substance relate to one and the same thing, namely, that the allegations in the indictment do not show that the oath administered was such a one as the statute required. This is predicated on the hypothesis that there is no sufficient averment, that the oath was taken and subscribed to an affidavit or printed or written list. But this is not sustained by a fair, natural and just construction of the charges referred to. Excluding and treating for naught, the useless verbiage and redundancies in which the pleader indulges, it is substantially alleged, that the defendant made the required statement and signed and subscribed it, and desired the assessor to swear him to the same, and that he then and there was duly sworn, and took his corporal oath before the said assessor. The indictment then, after minutely setting out all the facts, proceeds to state that the defendant "falsely, corruptly, etc., and with the intent to defraud in and by his written oath did depose and swear," etc.

State v. Foulks.

The whole language plainly refers to the list as embodied in the statement, and to the taking of an oath which the defendant was bound to make and which the assessor was competent to administer. The objections are too refined to comport with a fair administration of justice. The accused was sufficiently advised of the charges against him; the averments were substantially good; and there was no such defect as would operate to his prejudice.

I think the judgment should be reversed and the cause remanded. All the judges concur, except Judge Sherwood, who is absent.